IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GLORIA E. ORTIZ COTTO**<br>       **Plaintiff**<br><br>Vs<br><br><br>**THE COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION,** through its Secretary Rafael Román Meléndez; **JOHN DOE; XYZ INSURANCE COMPANY**<br>       **Defendants** | **CIVIL NO.**<br><br>**RE:**<br>**Americans with Disabilities Act (ADA)**<br><br> **TRIAL BY JURY** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

NOW COMES The Plaintiff, duly represented by the undersigned attorney and most respectfully state alleges and prays as follows:

**I. NATURE OF ACTION AND JURISDICTION**

1. This is a civil action seeking judgment, relief, and/or damages brought pursuant to the American with Disabilities Act 42 U.S.C. § 12101, *et seq.*, as amended, (herein after "ADA"), for discrimination based upon a disability.

2. This Court has jurisdiction to entertain these claims pursuant to 28 U.S.C. §1331 and 1343(4).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 (a) and (b).

4. Gloria E. Ortiz Cotto (herein after "Plaintiff" and/or "Ortíz") filed timely charges of discrimination before the U.S. Equal Opportunity Commission (herein after "EEOC").

5. The EEOC issued a Notice of Right to Sue on May 22, 2014, which was received by plaintiff on May 26, 2014.

## II.     PARTIES

1. Plaintiff, Gloria E. Ortiz Cotto, is a resident of Bayamón, Puerto Rico, who began working as a Teacher of Puerto Rico's Department *of* Education in 1976.

2. The Commonwealth of Puerto Rico is included as codefendant due the Department of Education's lack of capacity to sue and be sued.

3. The Commonwealth of Puerto Rico is represented by the Department of Justice, whose physical addressed is Olimpo Stress, Axtmayer Corner, Stop 11, San Juan, P.R., and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

4. The Department of Education ("Department" and/or "Defendants") is an executive department of the government of Puerto Rico responsible of managing state-operated schools in Puerto Rico as well as its education system and curricula.

5. The physical addressed of the Department is Ave. Tent. César González, Esq., Calle Juan Calaf, Urb. Industrial Tres Monjitas, Hato Rey, P.R. 00917.

6. At all relevant times the Department has had more than 500 employees.

7. John Doe is a fictitious name used to refer to the person or persons, natural or juridical, whose name(s) is(are) presently unknown, who participated in the acts of discrimination against the plaintiff and who are also liable to him for the damages he suffered.

8. XYZ Insurance Corporation is an insurance company duly authorized to do business and/or assume risks in the Commonwealth of Puerto Rico that has issued an insurance policy covering the risks involved in this claim, which name is not known by plaintiff at this time. As soon as the information on the real corporate name of this entity is obtained through the discovery proceedings plaintiff will substitute the real party in interest and/or amend the complaint to that effect, should that be proper and necessary.

### III. THE FACTS

1. Plaintiff began working for Defendants in 1976 as a Teacher.

2. Plaintiff is a qualified individual with a disability and was denied reasonable accommodation in violation with the American with Disabilities Act of 1990, as amended ("ADA").

3. Plaintiff has problems moving, walking, standing, and bending.

4. Plaintiff has several health conditions, which include severe arthritis, cervical brachial syndrome; muscle spasm, discogenic disease, costochondritis, lupus, fibromyalgia, depression, bursitis, among others, impairments that substantially limit one or more of her major life activities. Plaintiff has a record of the conditions and treatments.

5. Plaintiff was denied reasonable accommodation in her employment since August 2004.

6. Although plaintiff was transferred to Segundo Ruiz Belvis School, where she was "accommodated", the accommodation was temporary and insufficient and/or ineffective. The accommodations provided to plaintiff consisted in being allowed to start her workday at 9:00 a.m., and by being assigned to a classroom located in a first floor.

7. However, in August 2004, Plaintiff was transferred to a new school where she was assigned a classroom located in a second floor and no accommodation was provided regarding her workday hours.

8. Plaintiff was transferred several times from 2004 to the present, without being provided with all the reasonable accommodations requested, or by being provided with insufficient and/or ineffective accommodations.

9. Plaintiffs accommodations requests included and still include: assignment of classroom on a first floor near a restroom with accessibility to individuals with disabilities; a modification in her working schedule in order to allow her to enter to work between the hours of 9:00 a.m. to 4:00 p.m.; and that faculty meetings be held on a first floor of the school.

10. Plaintiff has even been willing to evaluate the possibility to be transferred to another school if the accommodations requested can be provided.

11. In light of defendant's failure to provide reasonable accommodations, on April 25, 2005, Plaintiff filed a charge of discrimination against de Department of Education. Charge number 162-2005-00263.

12. Despite the fact that defendants made efforts to try to accommodate plaintiff, this were ineffective since they didn´t provide the opportunity for plaintiff to achieve the same level of performance or to enjoy benefits or privileges equal to those of an average similarly-situated nondisabled person, and/or were insufficient or ineffective

13. The EEOC issued a Letter of Determination on April 24, 2006, that concluded, among other things, that the Charging Party was regarded as disable and was denied reasonable accommodation. Notwithstanding, defendants failed to conciliated.

14. The EEOC issued a Notice of Right to Sue on May 22, 2014, which was received by plaintiff on May 26, 2014, since it was determined that the Department of Justice would not file suit on the charge that was referred by the EEOC.

15. At all relevant times to the present complaint Plaintiff complied fully with all statutory requirements under ADA regarding disability.

16. The discriminatory actions by Defendants were negligent, intentional and with reckless disregard of plaintiff's rights under federal and local laws applicable.

17. Plaintiff has lost sleep and rest, has felt humiliated and discriminated all that has contributed to the loss of her peace of mind and emotional stability. To take care of her mental and emotional situation, plaintiff is receiving mental treatment and/or counseling.

## Cause of Action

**American with Disabilities Act 42 U.S.C. § 12101, *et seq.*, as amended**

1. Plaintiff repeats and realleges each and every preceding allegations as if fully set herein.

2. Defendants conduct against plaintiff constitutes discrimination due to her disability and/or perceived disability by Defendants, in violation of the American with Disabilities Act.

3. As a proximate result of Defendants' discriminatory practices plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

4. Defendants are liable to plaintiff for damages as defined in the statute, including back pay and a equal sum for punitive damages, for the willful violation of plaintiff's rights under the statute and is also entitled to reinstatement to the position of she held prior to her discriminatory discharge and/or front pay in lieu of reinstatement.

5. The liquidated damages are estimated at this time at no less than $1,000,000.00. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of trial.

## REMEDIES

a) That the Court declares the actions of all Defendants herein to be in violation of ADA.

b) An award of compensatory damages for emotional suffering and distress resulting from Defendants' discriminatory discharge in an amount not less than $1,000,000.00

c) That the Plaintiff be awarded liquidated damages.

d) That the cost of this action, including reasonable attorney's fees, be taxed against all Defendants herein.

e) That Plaintiff be awarded pre-judgment and post-judgment interests.

f) That a jury tries all issues of fact.

g) That plaintiff be awarded punitive damages.

h) That Plaintiff´s reasonable accommodations requests be granted.

i) That Plaintiff be awarded reasonable expert witness fees.

j) That the Plaintiff be granted any other relief she may be entitled to as a matter of law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this August 22, 2014.

*s/*AMEXIS J. BONILLA NIEVES
USDC. 225909

270 Ave. San Ignacio
Apt. 13501
Guaynabo, P.R. 00969-8038
787-215-2082
amexis@gmail.com